# Bell *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Carrying concealed brass-knuckles; form of indictment; constituents of offense.*—An indictment which charges that the defendant "carried concealed about his person brass-knuckles, or other weapon of like kind ·or description" (Code, §§ 3776, 3779), is good and sufficient, and a conviction may be had under it, on proof that he so carried a weapon which, though made of lead, was of the same general shape and size as brass-knuckles, and adapted to the same use.

2. *Same; apprehension of attack* —On a prosecution for carrying a pistol, bowie-knife, or other weapon of like kind or description, concealed about the person, the defendant may prove that at the time he had good reason to apprehend an attack, and the jury may consider that fact either in mitigation or justfication (Code, § 3775) ; but this defense can not be made to an indictment for carrying concealed brass-knuckles, a slung-shot, or other weapon of like kind and description (§ 3776).

FROM the City Court of Selma.
Tried before the Hon. JONA. HARALSON.

G. A. ROBBINS, for the appellant, cited *Golson v. State,* 86 Ala. 601; *Collier v. State,* 68 Ala. 499.

WM. L. MARTIN, Attorney-General, for the State.

SOMERVILLE, J.—1. The indictment charges that the defendant "carried concealed about his person brass-knuckles, or *other weapon of like kind or description.*" The common form of the indictment for carrying concealed weapons, as prescribed by the Code, is that "A. B. [or other defendant] carried a pistol concealed about his person." Code, 1886, p. 269, Form 25.

Section 3779 of the Code, however, clearly authorizes the offense to be charged in the mode above named, in order, no doubt, to prevent evasions of the law. The specification by name of any well known weapon, followed by the phrase, " or other weapon of like kind or description," is sufficiently definite to authorize a conviction for carrying any fire-arms, a knife, instrument or other weapon which may be proved to fall within the class prohibited, or of like kind or description.

[Gaither v. The State.]

The evidence tended to show that the weapon concealed by the defendant was one substantially resembling brass-knuckles, made of lead, and apparently constructed so as to be adapted to like use, and designed for like unlawful ends.

2.    The carrying concealed of a barbarous weapon of this class, which is usually the weapon of an assassin, and an index of a murderous heart, is absolutely prohibited by section 3776 of the Criminal Code of this State.    The law does not recognize it as a weapon of self-defense.    It does, however, recognize the right of a citizen to carry concealed a knife, pistol, or other weapon of the several kinds described in section 3775 of the Code, for defense only.    It is provided, as to such weapons, that " the defendant may give evidence that, at the time of carrying the weapon concealed, he had good reason to apprehend an attack, which the jury may consider in mitigation of the punishment, or justification of the offense."—Crim. Code, 1886, § 3775.

The court did not err in ruling that this provision did not embrace brass-knuckles, slung-shots, or weapons of like kind described in section 3776 of the Code.    Good reason to apprehend an attack is no justification or mitigation of the offense of carrying concealed about the person brass-knuckles, slung-shots, or weapons of like kind or description.

We discover no error in the record, and the judgment of conviction must be affirmed.